# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SARAH P. EMANUELE,

      Appellant,

      v.

DEPARTMENT OF
  TRANSPORTATION,

      Agency.

DOCKET NUMBER
PH-0752-15-0539-B-3

DATE: February 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sarah P. Emanuele, Cornwall, New York, pro se.

Maria Surdokas, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal from the Federal service. On petition for review, the appellant argues, among other things, that the administrative judge incorrectly rejected evidence from being accepted into the record, and she reiterates her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

claims of equal employment opportunity (EEO) reprisal and due process violations. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide the appropriate standard for EEO reprisal claims, we AFFIRM the initial decision.

¶2      The administrative judge correctly found that the agency proved the charge of inappropriate conduct by preponderant evidence. *Emanuele v. Department of Transportation*, MSPB Docket No. PH-0752-15-0539-B-3, Appeal File (B-3 AF), Tab 102, Initial Decision (ID) at 6-14. She also correctly found that the appellant failed to establish that the agency violated her due process rights,[2] that a nexus

---

[2] The appellant argued below that the agency violated the Privacy Act and that such a violation constitutes a violation of her due process rights. B-3 AF, Tab 86 at 40-41. The administrative judge did not address this argument in the initial decision; thus, we address it here. Specifically, the appellant states that 5 U.S.C. § 552a(e) requires an agency to "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs." B-3 AF, Tab 86 at 40-41 (citing 5 U.S.C. § 522a(e)). Based on this provision, the appellant argues that the agency was required to interview and question her prior to taking the removal action against her and that its failure to do so constituted a violation of her due process rights. *Id.* at 41. We are not persuaded by the appellant's argument. The section of the statute

exists between the appellant's removal for misconduct and the efficiency of the service, and that the penalty of removal was reasonable.[3] ID at 17-21.

¶3    As it relates to the charge, the appellant argues on review that the administrative judge erred in rejecting some of her evidence from admission into the record.[4] PFR File, Tab 1 at 9-11. The administrative judge accepted into the record evidence submitted by the appellant that was untimely filed and issued

relied upon concerns record creation and keeping and imposes the above-stated requirements for those purposes. The statute does not indicate that these requirements are a matter of due process for an adverse action taken against an employee. The appellant does not cite any authority to support her contention. Accordingly, the appellant's argument is unconvincing.

[3] We acknowledge that the administrative judge's analysis regarding the reasonableness of the penalty is terse. ID at 19-21. Nonetheless, we agree with her conclusion that the penalty of removal is reasonable. *See Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 11 (2003) (explaining that the Board has upheld a penalty of removal for disrespectful conduct); *Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶¶ 10-12 (1999) (concluding that a penalty of removal was reasonable for rude and discourteous behavior toward customers, despite a lengthy Federal tenure and principles of progressive discipline, and when the appellant repeatedly engaged in such behavior and never acknowledged that such behavior was improper or expressed remorse); *Lewis v. Department of Veterans Affairs*, 80 M.S.P.R. 472, ¶ 7 (1998) (considering whether removal was within the tolerable bounds of reasonableness for a charge of disrespectful behavior and concluding that it was, particularly when such conduct was directed at a superior in the presence of coworkers); *Roberson v. Veterans Administration*, 27 M.S.P.R. 489, 494 (1985) (stating that abusive language and disrespectful behavior are not acceptable conduct and are not conducive to a stable work environment).

[4] Related to the administrative judge's rejection of evidence, the appellant argues on review that the initial decision is incomplete because it does not include a discussion of all the evidence, PFR File, Tab 1 at 11 (citing *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980)). In *Spithaler*, the Board explained that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler*, 1 M.S.P.R. at 589. Because, as later explained, we discern no abuse of discretion in the administrative judge's rulings on evidence and the appellant otherwise has failed to clearly state what, if any, evidence that was accepted into the record that the administrative judge did not consider or discuss in the initial decision, the appellant has not demonstrated that the initial decision is not in accordance with the requirements set forth in *Spithaler*.

an order denying the agency's request to strike that evidence but informing the parties that no new submissions would be accepted into the record and that "[a]ll other submissions will be rejected." B-3 AF, Tab 94 at 1. Nonetheless, the appellant attempted to file more evidentiary pleadings. B-3 AF Tabs 97-100. The administrative judge rejected several of those submissions but explained that, because some of the appellant's "late-filed submissions may be relevant" to her findings, she admitted them into the record. B-3 AF, Tab 101 at 1-2. Regarding the submissions she did not accept into the record, the administrative judge explained that those documents were already in the record and/or "significantly predate the close of the record deadline and were in the appellant's possession long before the close of record date." *Id.* at 1. As she did in her previous order, she explained that any pleadings not accepted would be deleted from the online repository.[5] *Id.* at 2.

¶4    On review, the appellant challenges the administrative judge's rejection of evidence and argues that she should have been afforded greater leniency given her status as a pro se appellant.[6] PFR File, Tab 1 at 10-11, 31. These arguments are

---

[5] The appellant also argues on review that the administrative judge was required by the Administrative Judges Handbook to include in the record a description of the rejected evidence and that she did not do so. PFR File, Tab 1 at 10-11, 31. However, the appellant does not cite to any provision of the Administrative Judges Handbook supporting such a requirement. *Id.* Indeed, the only relevant provision in that document that requires a "Rejected Exhibit" section in the record, inclusive of a description of such evidence, relates to evidence that is rejected due to its volume and size. *Administrative Judges Handbook*, *Chapter 10*, *The Hearing and Its Record* at 62. The evidence here was rejected due to untimeliness and relevance. In any event, in both orders rejecting the appellant's submissions, the administrative judge listed what was being excluded and, in some instances, included a brief description. B-3 AF, Tabs 95, 101. As such, the appellant's argument is without merit.

[6] With the appellant's petition for review, she files additional documents and a supplement, which appear to include the pleadings and evidence rejected below. PFR File, Tab 1 at 33-44, Tab 2. As explained above, we discern no error in the administrative judge's rejection of certain evidence. *See* 5 C.F.R. § 1201.41(b). To the extent some of the documents are being submitted for the first time on review, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the

unpersuasive. The Board's regulations provide an administrative judge with wide discretion to rule on submissions of evidence and to ensure a fair and just adjudication of the case. 5 C.F.R. § 1201.41(b). Here, the administrative judge appropriately set forth fair deadlines for the submission of arguments and evidence and gave the parties at least 3 weeks' notice of those deadlines. B-3 AF, Tab 80. Despite these deadlines, she accepted into evidence the appellant's untimely September 10 and 11, 2021 evidentiary submissions, ordered that no other pleadings would be accepted into the record, and later still explained that, despite this order, she would accept into the record certain untimely-filed submissions from the appellant that she deemed relevant to her decision. B-3 AF, Tabs 94, 101. Accordingly, we find that the administrative judge did not abuse her discretion under 5 C.F.R. § 1201.41(b) when she rejected certain evidentiary submissions from the appellant.[7]

¶5    Regarding the appellant's claim that her removal was taken in reprisal for prior EEO activity, the administrative judge applied the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654 (Fed. Cir. 1986), and found that

---

administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the record closed in early September 2021, B-3 AF, Tab 80, and all of the documents were available to the appellant before that time. Further, the appellant has not explained why she was unable to file any of the newly submitted documents below, nor has she explained how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision. As such, none of the documents provides a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[7] The appellant also argues on review that the administrative judge ordered sanctions against the agency precluding it from filing additional evidence to support one of the specifications and that the agency nonetheless filed additional evidence, which the administrative judge ultimately considered in the initial decision. PFR File, Tab 1 at 5, 31. After a review of the record, however, we are unable to find any evidence that the administrative judge ordered sanctions against the agency, and the appellant has cited to no such order. Accordingly, the appellant's argument is without merit.

the appellant failed to prove that the agency official responsible for her removal was aware of her EEO complaints and, as such, that she failed to meet her burden of proof on this claim. ID at 16-17. We clarify, however, that when analyzing an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, such as the appellant's claims here, the Board applies Title VII standards. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

¶6     Even taking as true the appellant's claim below and on review that everyone at the agency was aware of her prior EEO activity, we find that, absent more, the appellant has still failed to prove this claim by preponderant evidence. *Cf. Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 13 (2006) (concluding that an appellant's proof of responsible agency officials' knowledge of protected activity under the Uniformed Services Employment and Reemployment Rights Act, without more, is insufficient to show that such activity was a motivating factor in the agency's actions). Indeed, the appellant has not shown that the deciding official, who was also the proposing official, was the subject of the prior EEO activity,[8] that the EEO activity negatively affected him, or that he suffered any negative consequences from the appellant's decision to engage in that activity. Accordingly, we modify the initial decision to find that the appellant failed to prove that her EEO activity was a motivating factor in her removal.[9]

---

[8] We agree with the administrative judge's conclusion that there is no evidence that the former Director of Operations, who was a subject in the appellant's EEO complaints, was the actual proposing and deciding official in this matter. ID at 15-16.

[9] Because we find that the appellant failed to prove that her prior EEO activity was a motivating factor in her removal, we do not reach the question of whether that activity was a "but-for" cause of the removal. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

¶7        Based on the forgoing, we affirm the initial decision as modified.[10]

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[10] The appellant argues on review that the discovery process below was "incomplete" and "protracted" because the agency refused to turn over information and claimed that documentation was lost. PFR File, Tab 1 at 18-20. Based on our review of the record, we discern no error in the administrative judge's handling of the discovery process. Notably, the parties have engaged in discovery in this matter for over four years. B-3 AF, Tab 79. When the appellant was unsatisfied with the agency's discovery responses, she filed motions to compel the agency's responses, pursuant to Board regulations. B-3 AF, Tabs 8-9, 12, 73. Addressing the appellant's discovery challenges, the administrative judge regularly held discovery-based status conferences, remained engaged and informed regarding the discovery disputes between the parties, and, on several occasions, ordered the agency to respond to the appellant's challenged discovery requests. B-3 AF, Tabs 14, 24, 30, 38, 54. Ultimately, she either deemed the appellant's discovery requests not relevant, or she determined that the agency's responses to her discovery orders were sufficient. B-3 AF, Tab 54, 67. On review, the appellant has not identified any specific error in these rulings, and we discern none.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.